# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0984V
(not to be published)

| | |
|---|---|
| RANDY RICHARDS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 13, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 7, 2020, Randy Richards filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza ("flu") vaccine on September 12, 2018. Petitioner alleges that he sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Vaccine Injury Table, and further alleges that he experienced the residual effects of his injury for more than six months. Respondent denies that Petitioner sustained a SIRVA, as defined on the Table; denies

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that the vaccine caused Petitioner's alleged shoulder injury; and denies that his current condition is a sequelae of a vaccine-related injury. On March 30, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 29).

Petitioner has now filed a motion for attorney's fees and costs, dated July 22, 2022 (ECF No. 35), requesting a total award of $13,505.96 (representing $12,407.50 in fees and $1,098.46 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 34). Respondent reacted to the motion on August 5, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 36). Petitioner did not file a reply thereafter. On August 29, 2022, a subsequent Order withdrawing the Decision Awarding Attorney's Fees and Costs at ECF No. 37, was issued because a correction to the Decision Awarding Attorney's Fees and Costs is needed due to Petitioner's counsel, Bridget McCullough's mid-year hourly rate increase. (ECF No. 39). On September 5, 2022, Petitioner filed a supplemental statement to support her application for Attorney's Fees and Costs. (ECF No. 40). Having properly considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Bridget McCullough, and the attorneys of Muller Brazil, as follows:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Bridget McCullough | X | X | $250 | $275 | $350 |
| Maximillian Muller | X | $325 | $350 | X | X |
| Leigh Finfer | X | $185 | X | X | X |

The rates requested for Mr. Muller and Ms. Finfer are reasonable, and consistent with what has previously been awarded, and shall therefore be awarded herein. Ms. McCullough, however, was previously awarded the rate of $300 per hour for time billed in 2022, less than what is being requested herein. *See Wyffels* v. *Sec'y of Health & Hum. Servs.,* No. 18-1874V, 2022 WL 1055165 (Fed. Cl. Spec. Mstr. March 8, 2022); *Roth* v. *Sec'y of Health & Hum. Servs.,* No. 19-0944V, 2022 WL 1197364 (Fed. Cl. Spec. Mstr. March 18, 2022); *Summer* v. *Sec'y of Health & Hum. Servs.,* No. 20-0418V, 2022 WL 1197910 (Fed. Cl. Spec. Mstr. March 18, 2022). Ms. McCullough's requested rate for 2022 appears to reflect a mid-year rate increase of $50.00. Although the size of the proposed increase is not *per se* objectionable, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. Accordingly, I reduce Ms. McCullough's rate to $300 per hour for her time billed in 2022, to be consistent with what has previously been awarded. This results in a reduction of attorney's fees to be awarded of **$335.00**.[3]

---

[3] This amount consists of ($350 - $300 = $50 x 6.70 hrs = $335.00).

## ATTORNEY COSTS

Petitioner requests $1,098.46 in overall costs. (ECF No. 35 at 9). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,170.96** (representing $12,072.50 in fees and $1,098.46 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.